# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN CHRISTOPHER LAUTO,<br><br>Plaintiff,<br><br>v.<br><br>DOVER PUBLIC SCHOOL DISTRICT, *et al.*,<br><br>Defendants. | Case No. 21–cv–18246–SDW–ESK<br><br>OPINION AND ORDER |

**KIEL, U.S.M.J.**

    **THIS MATTER** having come before the Court on the motion (Motion) filed by defendants Dover Public School District, Dover Board of Education, and Dover High School (School Defendants) for sanctions pursuant to Federal Rule of Civil Procedure 11 (Rule 11) (ECF No. 25); and plaintiff Steven Christopher Lauto having filed opposition to the Motion (ECF No. 26); and the School Defendants having filed a reply (ECF No. 28); and the Court finding:

    1.    As set forth in the original complaint filed on October 8, 2021 and in the amended complaint filed on January 5, 2022, Lauto had been employed by the School Defendants as a teacher and as an accountant for approximately twenty years. (*See* ECF No. 6 p. 5; *see also* ECF No. 1.) Lauto alleges that after reporting to the School Defendants in 2016 that he had been made aware of instances of sexual impropriety perpetrated by another staff member against certain students, the School Defendants subjected him to false accusations, unjustified investigations, harassment, and retaliatory discipline. (*See* ECF No. 6 pp. 5–26; *see also* ECF No. 12 (opinion entered in August 2022 denying School Defendants' motion to dismiss).) As a result, Lauto asserts claims concerning Title VII violations, violations of the Americans With Disabilities Act, violations of the New Jersey Law Against Discrimination, tortious interference with contractual relations (Tortious Interference Claim), defamation (Defamation Claim), and civil conspiracy to commit tortious interference with contract (Civil Conspiracy Claim). (ECF No. 6 pp. 26–37.)

    2.    As to the Tortious Interference Claim, Lauto alleges that the School Defendants engaged in efforts to undermine his reinstatement to his position as an accountant, and that his position as an accountant ultimately was not renewed. (*Id.* pp. 19, 20, 34, 35.) As to the Defamation Claim, Lauto alleges the

School Defendants spread false and damaging rumors about him in official meetings, through email, through social media, and through an electronic chatroom. (*Id.* pp. 18, 35.) As to the Civil Conspiracy Claim, Lauto alleges the School Defendants sought to undermine the renewal of his entire employment. (*Id.* p. 37.)

3. The parties have engaged in discovery. (ECF Nos. 16, 17, 22, 24.) The School Defendants now move to impose sanctions on Lauto pursuant to Rule 11, arguing that Lauto "failed to properly perform the basic investigation required under Rule 11" in filing the Tortious Interference Claim, the Defamation Claim, and the Civil Conspiracy Claim, as those claims are "without evidentiary or legal support." (ECF No. 25 pp. 2, 3.) In support of the Motion, the School Defendants argue that, among other things: (a) Lauto "has failed to adduce a scintilla of evidence demonstrating that any [d]efendant defamed him" (*id.* p. 11; *see id.* pp. 15–18); (b) Lauto's "tort claims are clearly barred under the notice requirements of the [New Jersey Tort Claims Act]" (*id.* p. 11; *see id.* pp. 20–22); and (c) the Defamation Claim "is barred by the statute of limitations[, *i.e.*,] in New Jersey [there is] …a one-year statute of limitations," because Lauto was aware of the defamatory statements for more than one year before commencing this action (*id.* p. 12; *see id.* pp. 13–15, 18–20). The Court notes that the School Defendants do not seek the imposition of sanctions as to Lauto's other claims. (*Id.* p. 7 n. 2.)

4. Lauto opposes the Motion, arguing that: (a) he has produced specific examples of the School Defendants' allegedly defamatory statements in support of the Defamation Claim; (b) he has submitted evidence in support of the Tortious Interference Claim and Civil Conspiracy Claim; and (c) the School Defendants continue to engage in the alleged violative conduct. (*See generally* ECF No. 26.) In reply, the School Defendants accuse Lauto of engaging in "factual misrepresentations" in his opposition papers. (ECF No. 28 p. 4.)

5. "[T]he determination [whether Rule 11 sanctions should be imposed] … falls within the sound discretion of the District Court." *Brubaker Kitchens, Inc. v. Brown*, 280 F.App'x 174, 185 (3d Cir. 2008). I intend to exercise my discretion to deny the Motion, as I find that the arguments of the School Defendants concern legal and factual issues that would be more appropriately addressed in a motion for summary judgment. *See Marlowe Pat. Holdings v. Ford Motor Co.*, No. 11-07044, 2013 WL 6383122, at *5 (D.N.J. Dec. 5, 2013) (holding a "Rule 11 motion for sanctions is not an appropriate substitute for summary judgment proceedings, and should not be used to raise issues of legal sufficiency that more properly can be disposed of by ... a motion for summary judgment"). Rule 11 "is not an appropriate vehicle for resolving legal or factual disputes" such as those being raised here in the Motion. *StrikeForce Techs., Inc.*

2

*v. WhiteSky, Inc.*, No. 13-01895, 2013 WL 5574643, at *4 (D.N.J. Oct. 9, 2013). In the absence of an award of summary judgment in the School Defendants' favor, "any ruling on this motion for sanctions would inherently also be a premature ruling on any such final resolution." *Thorner v. Sony Comput. Ent. Am. Inc.*, No. 09-01894, 2010 WL 904797, at *2 (D.N.J. Mar. 9, 2010) (denying motion for sanctions). In addition, an award of Rule 11 sanctions is not warranted at this juncture even if, as the School Defendants essentially argue in their Motion, Lauto's allegations in support of the Tortious Interference Claim, the Defamation Claim, and the Civil Conspiracy Claim are "ineptly … presented." *Cresci v. Gyess*, No. 17-02342, 2019 WL 1529964, at *4 (D.N.J. Apr. 8, 2019).

6. As a result, the Motion is "premature," because a Rule 11 motion is inappropriate:

> for resolving the merits of the parties' legal and factual claims…. Here, [the School] Defendants' motion for sanctions is aimed at the merits of their dispute with [Lauto]. Indeed, [the School] Defendants' motion reads like a summary judgment motion pursuant to Rule 56…. But Rule 11 cannot be used as a substitute for Rule 56.

*Tiger Supplies Inc. v. MAV Assocs. LLC*, No. 20-15566, 2022 WL 195858, at *1, *2 (D.N.J. Jan. 21, 2022); *see also Oswell v. Morgan Stanley Dean Witter & Co.*, 507 F.Supp.2d 484, 489 n.3 (D.N.J. Sept. 6, 2007) (holding "[the movant for sanctions] has not sought, much less obtained, summary judgment against [its adversary on a certain] claim," and "[a] Rule 11 motion is seldom the proper crucible for adjudicating underlying claims that have not been subjected to dispositive motion practice or trial"). The School Defendants' arguments that sanctions are necessitated based on statute of limitations grounds are particularly inappropriate at this juncture, as the Third Circuit has ruled that Rule 11 "should not be invoked against an attorney who fails to dismiss a case after the opposing attorney submits evidence that a statute of limitations … bars the suit." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 484 (3d Cir. 1987); *see Mirabella v. Diversified Glob. Graphics Grp.*, No. 17-02030, 2018 WL 2012902, at *4 (D.N.J. Apr. 30, 2018) (denying defendant's Rule 11 motion, even though plaintiff's claims were found to be time-barred). I also note that the School Defendants' piecemeal approach to litigation in addressing the Tortious Interference Claim, the Defamation Claim, and the Civil Conspiracy Claim alone — while remaining silent as to the viability of the other claims asserted in the amended complaint — is highly impractical.

7. My denial of the Motion does not leave the School Defendants without a potential remedy. First, the denial will be without prejudice. Second, the School Defendants may file a new and separate motion under Rule 11 for

sanctions — if appropriate — simultaneously with a motion for summary judgment once they are granted leave to do so. *See Tiger Supplies Inc.*, 2022 WL 195858, at *2 (denying motion for Rule 11 sanctions, but noting "the parties may file motions for summary judgment," and that the movants seeking sanctions "may resubmit their motion for sanctions, if they feel it is still appropriate, after the Court rules on summary judgment"); *see also* Fed.R.Civ.P. 56(a).[1]  But the School Defendants should nonetheless be mindful that Rule 11 "must not be used as an automatic penalty against an attorney or a party advocating the losing side of a dispute." *Gaiardo*, 835 F.2d at 482.[2]

---

[1] The School Defendants would be well-advised to follow the guidance provided by Rule 11 itself:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed.R.Civ.P. 11(c)(2); *see also* D.N.J. L.Civ.R. 11.3.

[2] Lauto argues in his opposition that he "requests relief under Rule 11, insofar as [he] reserves the right to requests [*sic*] costs and fees associated with responding to [the Motion]." (ECF No. 26 p. 4.)  Lauto has not formally moved for such relief, and thus I will not rule on this request.  In any event, such a motion by Lauto would be premature at this juncture for the reasons I have discussed in denying the School Defendants' Motion.

Accordingly,

**IT IS** on this   **16th** day of **November 2023**   **ORDERED** that:

1. The Motion is **DENIED** without prejudice.

2. The Clerk is directed to terminate ECF No. 25.

3. The parties are reminded of the telephone status conference scheduled for November 16, 2023 at 11:15 a.m.   (ECF No. 30.)

　　　　　　　　　　　　　　　　　　　　 */s/ Edward S. Kiel*　　　　　
　　　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**